| STATE OF LOUISIANA | * | NO. 2019-KA-0330 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| TROY VARNADO | * | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 534-923, SECTION "F"
Honorable Robin D. Pittman, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *
**ON REMAND FROM LOUISIANA SUPREME COURT**

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Tiffany G. Chase)

Leon Cannizzaro
District Attorney
Donna Andrieu
Kyle Daly
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR STATE/APPELLEE

Mary Constance Hanes
LOUISIANA APPELLATE PROJECT
P. O. Box 4015
New Orleans, LA 70178-4015

Troy L. Varnado
Louisiana State Penitentiary
Camp C Bear #3
Angola, LA 70712

      COUNSEL FOR DEFENDANT/APPELLANT

**VACATED IN PART; REMANDED.**
**JUNE 24, 2020**

*JCL, TFL, TGC*     This criminal appeal is on remand from the Louisiana Supreme

Court following *Ramos v. Louisiana*, 590 U.S. ---, 140 S.Ct. 1390

(2020)(hereinafter referenced as "*Ramos*"), wherein the United States Supreme

Court held that non-unanimous jury verdicts are unconstitutional in state felony

prosecutions.

Defendant, Troy Varnado ("Defendant") was convicted of second-degree

murder, second-degree kidnapping, and obstruction of justice. While the latter two

verdicts were unanimous, the jury verdict for the charge of second-degree murder

was 11-1.[1] On appeal, this Court affirmed Defendant's convictions and sentences,

rejecting, *inter alia,* Defendant's assigned error concerning the non-unanimous

---

[1] Specifically, the trial court recited:

> On Count 1:  New Orleans, Louisiana.  Dated September 19th of 2018.  We, the jury, find the defendant, Troy Varnado guilty as charged of second degree murder.  The court has had an opportunity to review the twelve polling slips and eleven of the twelve jurors have indicated on the polling slip[s] that that was their verdict."

2

verdict. *See State v. Varnado,* 19-0330 (La. App. 4 Cir. 1/29/20), --- So.3d ---, 2020 WL 476793.

Defendant sought review by the Louisiana Supreme Court, and *Ramos* was decided while Defendant's writ application was pending. The United States Supreme Court determined that the Sixth Amendment to the United States Constitution does not permit non-unanimous verdicts and this prohibition applies to the states through the Fourteenth Amendment. 590 U.S. at ---, 140 S.Ct. at 1397. The *Ramos* decision overruled long-standing precedent authorizing non-unanimous jury verdicts in state prosecutions. Because of the *Ramos* decision, the Louisiana Supreme Court granted Defendant's pending writ application and remanded Defendant's case to this Court to conduct an error patent review.

On June 3, 2020, the Louisiana Supreme Court issued the following *per curiam* opinion:

> Writ granted. The matter is remanded to the court of appeal for further proceedings and to conduct a new error patent review in light of *Ramos v. Louisiana,* 590 U.S. ___, 140 S.Ct. 1390, ___ L.Ed.2d ___ (2020). If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. *See* La.C.Cr.P. art. 920(2).
>
> The present matter was pending on direct review when *Ramos v. Louisiana* was decided, and therefore the holding of *Ramos* applies. *See Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). Nothing herein should be construed as a determination as to whether that ruling will apply retroactively on state collateral review to those convictions and sentences that were final when *Ramos* was decided.

*State v. Varnado,* 20-0356, p. 1 (La. 6/3/20), --- So.3d ---.

This Court routinely reviews the record on appeal for errors patent. La. C.Cr.P. art. 920;[2] *State v. Lewis*, 15-0773, p. 9 (La.App. 4 Cir. 2/3/16), 187 So.3d 24, 29. A review of the record reveals one error patent. Defendant's conviction for second-degree murder was by a non-unanimous jury verdict, rendering it unconstitutional in light of *Ramos*. Consequently, we vacate Defendant's conviction and sentence for second-degree murder and the case is remanded to the district court for further proceedings. Notably, however, we find that Defendant's convictions by unanimous jury verdicts for second-degree kidnapping and obstruction of justice and respective sentences should not be disturbed.

**VACATED IN PART; REMANDED.**

---

[2] La. C.Cr.P. art. 920(2) states that an errors patent is "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." *State v. Duckett*, 19-0319, p. 8, n. 3 (La. App. 4 Cir. 12/18/19), 288 So.3d 167, 173-74.